# Weaver, Appellant, v. The Pennsylvania Railroad Company.

*Negligence—Railroads—Passenger—Getting on train—Contributory negligence.*

In an action against a railroad company to recover damages for personal injuries alleged to have been sustained while getting on a train, where plaintiff's account of the accident is directly contradicted by the evidence offered by the defendant, the court cannot be convicted of error in saying to the jury that "the care one must take in entering a railroad train must be proportionate to the ordinary risks in such entering, that is, it is the duty of the passenger to use the means provided with reasonable circumspection and care. Where both parties contribute to the accident, it matters not who contributes the more, for the law will not determine which is guilty of the greater fault, but says that in all such cases neither can recover from the other."

Argued May 17, 1905. Appeal, No. 133, Jan. T., 1905; by plaintiff, from judgment of C. P. Lancaster Co., June T., 1902,

No. 26, on verdict for defendant in case of Mardula J. Weaver
v. The Pennsylvania Railroad Company.   Before MITCHELL,
C. J., FELL, BROWN, POTTER and ELKIN, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before
LANDIS, P. J.

The facts are stated in the charge of the court, the material
portion of which is as follows :

[Where a plaintiff has, by his or her conduct, brought about,
or aided in bringing about, the injury, the law calls this con-
tributory negligence.   The defendant may be guilty of negli-
gence, and yet, even if this be so, if the party injured in any
respect contributes to the accident, there can be no recovery.
Contributory negligence is defined to be the omission, by a pas-
senger, to exercise such a degree of care as the circumstances
of the case demand from a person of ordinary prudence, having
a proper and reasonable regard for his or her own personal
safety.   The care one must take in entering a railroad train
must be proportionate to the ordinary risks incurred in such
entering, that is, it is the duty of the passenger to use the
means provided with reasonable circumspection and care.
Where both parties contribute to the accident, it matters not
who contributes the more, for the law will not determine which
is guilty of the greater fault, but says that in all such cases
neither can recover from the other.   These are the principles
of law which govern this case, and you must now enter upon
an investigation of the proven facts.] [1]

The plaintiff, Mardula J. Weaver, is a widow.   She is now
seventy-four years old, and was seventy-one years old at the
time she alleges this accident occurred.   On November 26,
1901, she went from Manheim to Salunga, arriving, she says,
at the latter place between one and two o'clock in the after-
noon.   She took dinner with Mrs. Laura McGirl, and they
together went to the railroad station to meet the train which
arrives at this place (Lancaster) somewhere about four o'clock
in the afternoon.   Mrs. McGirl carried Mrs. Weaver's basket.
The train, she says, was half an hour late, and they remained
in a small train house, there being no ticket office at this place.
When the train arrived at Salunga, it stopped.   She says that
while it was standing there, she put her left foot upon the

lower step, and took hold of the railing of the car with her left hand ; that, at this time, one of the train men called out, " Go ahead," and waived his hand to the engineer, and the train started, and she was thrown back on to the platform and injured. She says that she has been affected by this injury ever since, and two physicians, called on her behalf, stated that they could see nothing from their examinations except a slight swelling of one of the parts, and made up their diagnoses largely from what Mrs. Weaver told them, but that such an injury causing the effects described is likely to be permanent, after this length of time. Mrs. Weaver, however, admits that she was injured some years ago on the Pennsylvania railroad, but asserts that she had fully recovered before November 26, 1901.

It has been shown, on the part of the defendant, by Mrs. McGirl, that the plaintiff came to her house about ten o'clock on the morning of November 26, 1901 ; that Mrs. Weaver stayed for dinner, and she (Mrs. McGirl), in the afternoon, accompanied the plaintiff to the railroad station ; that they started early, because Mrs. Weaver complained of pain and she, either in the morning or afternoon, that is, either coming to Mrs. McGirl's house or going towards the station, had a limp in her walk. Mrs. McGirl says that when the train came, Mrs. Weaver was helped on by the brakeman and conductor, and that she sat down in one of the front seats, and the train moved off. The front brakeman swears that he helped her part way up the steps, and then the conductor took her in charge, and the conductor tells you how he placed her in a seat, and afterwards saw her from the train when it arrived in Lancaster, in safety. The rear brakeman says he saw her get upon the train, and Aaron Kepperling, a passenger, testifies that he got on the smoking-car, which was immediately in front of the car which Mrs. Weaver entered, and that he saw the brakeman and the conductor help her up the steps and into the car. All of these witnesses positively swear that no accident occurred on this day, and that Mrs. Weaver was not injured, as she claims.

If, then, you believe the story of the plaintiff that she, while using proper care in mounting the steps of this railroad car, was, by reason of its having been started without a sufficient

time being given for her to accomplish this object, thrown back upon the railroad platform and injured, then your verdict may be in favor of the plaintiff.  [If, on the other hand, you find that she was not injured, that there was no accident, or, if there was, that it was brought about by her own fault, or that she aided in bringing it about, or that the suffering which she complained of resulted from other causes than those which occurred on November 26, 1901, then your verdict should be in favor of the defendant.] [2]  Five witnesses who say they were present testify that the plaintiff met with no accident on this day.  The plaintiff alone testifies that there was.  You must disbelieve all of these five witnesses if you believe her.

Verdict and judgment for defendant.  Plaintiff appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*C. E. Montgomery*, with him *A. H. Powden*, for appellant.— It is error on the part of the court to submit a question of fact to the jury without evidence to support it: Dreibilbis v. Esbenshade, 6 Pa. Superior Ct. 182; Switland v. Holgate, 8 Watts, 385; Hannay v. Stewart, 6 Watts, 487; Northern Central Ry. Co. v. Husson, 101 Pa. 1; Paul v. Kunz, 195 Pa. 207 ; Phila. Traction Co. v. Orbann, 119 Pa. 37; Gas Co. v. Lynch, 118 Pa. 362; Phila., etc., R. R. Co. v. Alvord, 128 Pa. 42; McHugh v. Schlosser, 159 Pa. 480; Braunschweiger v. Waits, 179 Pa. 47; Fullam v. Rose, 181 Pa. 138; Com. v. Swayne, 1 Pa. Superior Ct. 547 ; Rumsey v. Shaw, 25 Pa. Superior Ct. 386.

*H. M. North*, with him *H. M. North, Jr.*, for appellee.

OPINION BY MR. JUSTICE FELL, June 22, 1905 :

The negligence alleged was that a passenger train was suddenly started while the plaintiff was getting on one of the cars at a station.  The assignments of error related to the instruction as to contributory negligence, and it is argued that the only question for decision by the jury was whether an accident had happened and that the instruction submitted to them a question not raised by the testimony.  The plaintiff testified that she was on the station platform when the train arrived,

that she took hold of the railing at the end of the car with her left hand and placed her left foot on the lower step ; that while she was in this position the brakeman signaled the engineer to start and the sudden jerking of the car threw her to the platform. The defense, abundantly sustained by the testimony, was that the plaintiff was assisted up the steps by the conductor and was seated in the car when the train started, and that she did not fall nor sustain an injury of any kind.

It is error to submit to a jury a question not involved in the case, but it is never error fully to instruct them as to the essential elements of a plaintiff's right of recovery. In the instruction complained of the court clearly defined the duty of those in charge of a train to allow passengers ample time to get on and off, and of the duty of passengers to exercise reasonable care ; and stated that if the negligence of both contribute to an accident there can be no recovery. The instruction was in effect a statement of the rule that in order to recover a plaintiff must prove negligence on the part of the defendant and present a case clear of negligence on his part. Moreover, while contributory negligence was not made a distinct ground of defense, it might properly have been considered by the jury.

It appeared from the plaintiff's testimony that she was in the act of going up the steps before the signal to start was given, and the jury might have found that her injury, if there was any, was occasioned by her own failure promptly to get into the car.

The judgment is affirmed.